UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Olabamidele Olumide Bewaji, | Civ. No. 25-2139 (JWB/DTS) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Christopher Rovney, *Blue Earth County Attorney - Individual and Official Capacity*, and Patrick McDermott, *Blue Earth County Attorney - Individual and Official Capacity,* | |
| Defendants. | |

---

Olabamidele Olumide Bewaji, OID# 267126, MCF – Faribault, 1101 Linden Ln., Faribault, MN 55021, pro se Plaintiff.

---

This matter is before the Court on the Report and Recommendation ("R&R") by United States Magistrate Judge David T. Schultz dated June 6, 2025. (Doc. No. 5.) Plaintiff Olabamidele Olumide Bewaji has filed an objection to the recommendation that this Court dismiss his Complaint without prejudice. (Doc. No. 6.)

The Court reviews the objected-to portions of an R&R *de novo* and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). However, when a party fails to file specific objections to an R&R, *de novo* review is not required. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing that objections to an R&R that "are not specific but merely repeat arguments

presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error"). The Court reviews any aspect of an R&R to which no specific objection is made for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). As Plaintiff is pro se, his objections are construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Court has reviewed Plaintiff's objections to the June 6, 2025 R&R. The objections do not identify any error of law or fact that warrant rejecting the R&R's recommendations. Instead, Plaintiff merely repeats his underlying prosecutorial misconduct claims. He does not argue against the R&R's reasoning that his § 1983 claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), because his underlying conviction has not been invalidated. He also does not argue against the R&R's reasoning that even if *Heck* were no barrier, the prosecutors would be immune from suit for their conduct in presenting the criminal case against Plaintiff. Upon review, that analysis is not clearly erroneous.

After carefully reviewing all other portions of the R&R not specifically objected to, the Court finds it neither clearly erroneous nor contrary to law. Based on that review, and in consideration of the applicable law, the Court accepts the R&R in its entirety.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff Olabamidele Olumide Bewaji's Objections to the June 6, 2025

2

Report and Recommendation (Doc. No. 6) are **OVERRULED**;

2. The June 6, 2025 Report and Recommendation (Doc. No. 5) is **ACCEPTED**;

3. This matter is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b);

4. Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is **DENIED**; and

5. Plaintiff must pay the unpaid balance ($310.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court must provide notice of this requirement to the authorities at the institution where Plaintiff is confined.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: July 11, 2025　　　　　　　　　　　　*s/ Jerry W. Blackwell*
　　　　　　　　　　　　　　　　　　　　　JERRY W. BLACKWELL
　　　　　　　　　　　　　　　　　　　　　United States District Judge